FOWLER VS. WILLIAMS AD. ET AL.

The defendant against whom a decree for money, collected by him for the complainant, had been rendered, filed a bill to enjoin the execution of the decree, alleging that at the time it was rendered, the money had not been collected, and that there was a parol agreement between the parties, that the decree was not to be enforced until the money was collected: It would be incompetent, on the hearing, to prove such parol agreement to defeat or delay the execution of an absolute decree for money.

After a decree in favor of an administrator, it is too late to question his right to collect and distribute the money as a part of the intestate's estate; if in fact the complainant was not administrator at the time of the decree, or had not the right to collect the money, the fact should have been set up as a defence to the bill.

Where all the defendants, in a bill for injunction, are implicated in the same charge, the answer of all will, in general, be required before the injunction will be dissolved, but if the defendant, on whom the gravamen of the charge is made, has fully answered, that may be sufficient.

Where the defendant, against whom a decree is rendered in favor of an administrator, for money due his intestate, is notified by the representatives that the complainant has ceased to be administrator, and has no right to collect the money, if the defendant has good ground to believe that it would be unsafe to pay it over to him, his proper course is to file a bill in the nature of a bill of interpleader, and bring the money into court: but if he file a bill to enjoin the execution of the decree, retain the money in his own hands, and upon final hearing, produce no evidence to sustain the material allegations of his bill, and they are denied by the answer, the Court cannot do otherwise, under the statute, than award damages on the dissolution of the injunction.

*Appeal from the Chancery Court of Pulaski County.*

Hon. H. F. FAIRCHILD, Chancellor.

FOWLER & STILLWELL, for the appellant.

We insist that the injunction having been properly awarded, in the first instance, that it *should have been retained* until *all*

the *answers came in*, so that the respective rights could all be finally adjusted. See 4 *Johns. Rep.* 516, *McVickar vs. Walcott;* 1 *N. Jersey Ch. Rep.* 404, *Vliet vs. Lowmason;* 1 *Hoffm. Ch. Pr.* 360; 2 *Johns. Ch. Rep.* 148, 149; 1 *Paige Ch. Rep.* 165, *Noble vs. Wilson;* 6 *Ark. Rep.* 307, *Johnson vs. Alexander;* 1 *Eden on Injunc.*, p. 117.

*And*, after these notices to Fowler, by the *widow* and *children* claiming the *fund*, and *Williams' direction to pay to them*, had he have paid it to *Williams*, he would have been bound *also to pay them again.* 1 *How.* (*Miss.*) *Rep.* 47, *Oldham vs. Ledbetter;* 1 *How.* (*Miss.*) *Rep.* 570, *Grissom vs. Reynolds; Pet. C. C. Rep.* 321, *Willings vs. Consequa.*

And, when a party is not in default himself, but the suspension of payment has been brought about by the *acts* of those *putting themselves* in an *adverse position*, and preventing the payment, neither *equity* nor *law*, should ever compel such party to pay *interest even, much* less *damages—damages to them*, for acting under *their directions*, and for *their benefit alone.* See *Pet. C. C. Rep.* 321; 2 *Dallas Rep.* 215, *Fitzgerald vs. Caldwell.*

JORDAN and WILLIAMS & WILLIAMS, for appellees.

Although the pleadings in this case are very voluminous and spun out to an unusual length, yet there are but two points presented for the determination of this court. 1st, has the money been received by Fowler; and 2d, is Williams, as the administrator of Shelby, authorized to receive it. The decree rendered on the 7th of August, 1857, determined both these points. But the appellant has made an effort to arrest the execution of said decree, and in effect, render it null and void, as to the power of Williams.

We cannot perceive on what ground the appellant, upon the testimony before the court, upon the hearing of this cause, could insist on a decree making the injunction perpetual for want of authority in Williams to receive the money. If he had ceased to be the administrator of Shelby, *some proof* of that fact could have been shown. Having failed to show any, and the decree

of 7th August, 1851, on the point, being *res adjudicata*, is conclusive against appellant. The case made by him, at best, is but an attempt to set aside and nullify a decree of a court of competent jurisdiction, upon parol testimony—the memory of frail man. Even if such testimony could have been produced, we deny that the decree could have been annulled by it. And this record, we think, presents a fair case for a rigid enforcement of the rule, instead of any relaxation of it—in view of the great discrepancy of the facts as testified by the parties. 1 *Stark. Ev.* 500; *Wescott vs. Cady*, 6 *J. C. R.* 343; *Flin vs. Chase*, 4 *Denio* 85; *Commonwealth vs. Kinnison*, 6 *Mass.* 646; 5 *Mass.* 303; *ib.* 9, 312; *ib.* 10, 327.

The following authorities are submitted upon the effect and conclusiveness of a judgment or decree. *Homer vs. Fish et al.*, 1 *Pick* 536; 6 *Pick* 223; 3 *ib.* 33; *Smith vs. Lewis*, 3 *J. R.* 157; *Simpson vs. Hart*, 1 *J. R.* 91; *Frances vs. Hazlerig*, 1 *A. K. Marsh.* 93; *Hibshaum vs. Dullebau*, 4 *Watts* 183; *Wallace vs. Bibb*, 508; *Hayden vs. Boothe*, 2 *A. K. Marsh.* 353.

It is insisted also that the court erred in overruling appellant's motion to compel the defendants, the widow and heirs, to answer. By reference to the record it will be seen that no discovery was prayed against them, or either of them—that there is no portion of the bill that they were specially required to answer.

Upon an examination of this whole record, we respectfully submit that the slender grounds upon which the injunction was granted, the extraordinary delay in paying over the money without any reasonable excuse being shown, and there being no merits in this appeal, that it presents a fair case for the highest amount of damages to be awarded under the statute. *Eng. Dig.*, *eh.* 127, *sec.* 40.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 7th of August, 1851, David Williams, as administrator of Orville Shelby, deceased, obtained a decree against Absalom Fowler, for money collected by him as an attorney.

On the 5th of April, 1854, an execution was issued upon the decree, levied upon the lands of Fowler; and he filed a bill on the chancery side of the Pulaski Circuit Court, where the decree was rendered, against Williams and the widow and heirs of Shelby, for injunction, the cause was afterwards transferred to the Pulaski Chancery Court, where it was finally heard upon the pleadings, etc., the injunction dissolved with six per cent. damages upon the amount of money enjoined, the bill dismissed, and Fowler appealed.

1. The bill alleges, as one of the grounds for injunction, that at the time the decree was rendered against Fowler, he had not, as was well understood by Williams and his solicitor, collected the money sought to be recovered of him, but held the debtor's note therefor; and that there was a parol agreement between the parties, that the payment of the decree was not to be enforced until Fowler collected the money on the note, etc.

The answer of Williams denies the agreement, and it was not proved on the hearing. If there was any such agreement it should have been incorporated in the decree, because it would be incompetent to prove such parol agreement to defeat or delay the execution of an absolute decree for the payment of money.

2. It is alleged in the bill, as a further ground of injunction, that Williams had ceased to be the administrator of Shelby, had no right to collect the money on the decree, was insolvent and irresponsible.

The answer admits that the administration only remained open for the purpose of collecting and distributing the money due upon the decree against Fowler; but denies that Williams had ceased to be administrator, etc., as alleged; and there was no competent evidence introduced upon the hearing to prove that his authority as such had terminated, or that he had no right to receive the money on the decree.

3. The bill also alleges, as a ground for injunction, in substance, that in August, 1842, the widow of Orville Shelby, through her attorney, notified Fowler, that when he collected

the money on the claim in his hands, belonging to her husband's estate, not to pay it over to Williams, the administrator, but to hold it subject to her order, she claiming it in her own right, and as guardian of her children, and there being a controversy between her and Williams about the money; and that Fowler informed her that he would hold the money, when collected, until the controversy between her and Williams should be settled, unless he should be legally compelled to pay it over to Williams; and he felt himself bound to do so, and to protect the rights of the widow and her children in the matter, etc.

It appears that the alleged notice of the widow to Fowler not to pay the money to Williams, was given in 1842, some nine years before Williams, as the administrator of Shelby, obtained the decree against Fowler for the money. It appears, also, that Fowler did not, in his answer to the bill, upon which the decree was obtained, controvert the fact, that Williams was the administrator of Shelby, or that he was entitled, as such, to collect and distribute the money. It moreover appears from the correspondence between Fowler and Williams, exhibited with the bill in this case, that the money, when collected, was to be distributed to the widow and heirs of Shelby, after deducting the commissions of Williams, as administrator, etc., and it does not appear that Mrs. Shelby claimed an interest in the money otherwise than as a distributee of the estate of her husband. It was the right of the administrator to collect and distribute the money; and if he was not in fact the administrator, or had not the right to collect and distribute the money, as a part of Shelby's estate, Fowler should have set that up as a defence to the bill filed against him by Williams to recover of him the money.

4. It is also alleged in the bill, as an additional ground for the injunction, that in the year 1852, after the decree was rendered against Fowler, one of the sons of Shelby represented himself to Fowler as being entitled to the whole amount of the decree, and notified him not to pay it over to Williams, as he

had ceased to be administrator, and that if he did he would be held responsible, etc.

The answer of Williams denies that the son of Shelby referred to, was entitled to the whole amount of the decree, that he, Williams, had ceased to be administrator; and puts in issue the truth of the allegation that Fowler had been so notified not to pay the money over to him, etc., and upon the hearing Fowler introduced no evidence of the truth of the allegations of the bill so denied and put in issue by the answer.

5. It is insisted by the appellant, Fowler, that the Court below erred in dissolving the injunction before the widow and heirs of Shelby, who were made defendants, had answered the bill.

The injunction was not dissolved until the final hearing of the bill, which was taken as confessed by the widow and heirs of Shelby, who failed to answer. The cause appears to have been set down for hearing, by consent of parties, after Williams had answered, and there was a replication to his answer, and an order for depositions, etc. At the hearing the appellant moved for an order compelling the other defendants to answer, and that the injunction be continued until their answers came in, which the Chancellor refused.

In *Johnson et al. vs. Alexander*, 1 *Eng*. 307, the Court said that it was a settled rule that if all the defendants are implicated in the same charge, the answer of all will, in general, be required, before the injunction will be dissolved, but if the defendant on whom the gravamen of the charge is made, has fully answered, that may be sufficient.

Here the gravamen of the charge was upon Williams who had answered all the allegations upon which the injunction was granted.

If the other defendants had answered, admitting the truth of all of the allegations implicating them in the matter in controversy, the appellant would not have been entitled to the relief sought by the bill (the injunction of the decree) as against

Williams, who had fully answered, and whose answer was not overturned by any evidence on the part of the appellant.

6. It is also insisted for the appellant that the Chancellor erred in decreeing damages against him on the dissolution of the injunction.

The argument is, that he was induced to file the bill by the representations of one of the distributees of Shelby's estate, etc., that Williams had ceased to be administrator, had no right to collect the money on the decree, etc., etc.   That the distributee alleged to have made these representations, admitted the truth of the allegations by failing to answer.   That the damages awarded upon the dissolution of the injunction, if collected, will be distributed to him, as well as the other distributees, and he will thereby derive advantage from his own wrongful act, etc.

To this argument it may be responded, that if any of the distributees notified appellant that Williams had ceased to be administrator, had no right to collect the decree, etc., etc., as alleged, and he had any good grounds for believing it to be true, and that it would be unsafe, after such notice, to pay over the money to him, or to the officer upon the execution issued upon the decree, his proper course would have been to have filed a bill in the nature of a bill of interpleader, and brought the money into court, and asked the court to make the proper direction as to the disposal of it.

But, instead of this, he filed a bill to enjoin the execution of the decree, retained the fund in his own hands, and upon the final hearing failed to produce any evidence of the truth of the material allegations of the bill, upon which the temporary injunction was granted, and which were denied by the answer of the principal defendant.

Upon this state of case the Chancellor could not have done otherwise, under the statute, than award damages upon the dissolution of the injunction.   The decree is affirmed.

Absent, Mr. Justice Rector.